Submitted on the record July 19, ballot title certified August 9, 2001

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48604)

29 P3d 1099

Steven Novick, Portland, filed the petition for himself as petitioner.

Brendan C. Dunn, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, Riggs and De Muniz, Justices.

PER CURIAM

**PER CURIAM**

This ballot title review proceeding is brought under ORS 250.085(2) and concerns the Attorney General's certified ballot title for a proposed initiative measure, denominated by the Secretary of State as Initiative Petition 51 (2002). Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d) (1999). *See* ORS 250.085(5) (stating that requirement).

Petitioner challenges the Attorney General's caption, "yes" result statement, and summary. We have considered each of petitioner's arguments and conclude that none is well taken. Accordingly, we certify the following ballot title to the Secretary of State:

AMENDS CONSTITUTION: PUBLIC-EMPLOYEE UNIONS CANNOT "INFLUENCE" (UNDEFINED) ELECTIONS FOR PUBLIC OFFICEHOLDERS NEGOTIATING/APPROVING UNION MEMBER'S COMPENSATION

RESULT OF "YES" VOTE: "Yes" vote prohibits public-employee unions from "influencing" (undefined) elections for public officeholders negotiating/approving union members' compensation; violation restricts union's representation or officeholder's activities.

RESULT OF "NO" VOTE: "No" vote retains current constitutional guarantee of free expression allowing individuals and public-employee unions and associations to participate in elections for all public officeholders.

SUMMARY: Amends Constitution. Constitution currently guarantees individuals, organizations free expression, including participation in political campaigns to support, oppose public-office candidates. Measure prohibits public-employee unions (including associations engaging in public-sector collective bargaining) from "influencing" or attempting to "influence" elections for public officeholders

who will or may: negotiate or approve collective-bargaining agreements affecting unions'/associations' members' compensation; or approve budgets for members' compensation. Measure does not define "influencing." A union/association violating this prohibition cannot, during the officeholder's term, represent employees in the officeholder's jurisdiction. If the union/association is contractually obligated to represent employees during the term of an officeholder it supported, the officeholder cannot, during the term after the election, participate in activities affecting the union/association or its members. Other provisions.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).